**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 13, 2005[*]
Decided July 28, 2005

**Before**

Hon. JOEL M. FLAUM, *Chief Judge* [1]

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 03-2968

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 01 CR 757 |
| DAVID DURAN, *Defendant-Appellant.* | Ronald A. Guzman, *Judge.* |

---

[*] This appeal originally was consolidated for purposes of briefing and disposition with *United States v. Frank Duran*, No. 03-2506, but we later severed the two cases.  After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

[1] Circuit Judge Kenneth F. Ripple was originally a member of the panel assigned to this case.  Due to a change in circumstances, Judge Ripple has decided to recuse himself from further proceedings in this matter.

**O R D E R**

David Duran, his brother Frank, and several others were part of a drug conspiracy responsible for distributing cocaine and marijuana in Chicago. Duran pleaded guilty pursuant to a written plea agreement to two of the 16 counts charged against him—conspiring to possess with the intent to distribute and to distribute controlled substances, 21 U.S.C. §§ 846, 841(a)(1), and possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)—and agreed to testify against his brother. As part of the plea agreement Duran waived his right to appeal his sentence in exchange for concessions by the government. He received a downward departure under U.S.S.G. § 5K1.1 for his cooperation, and was sentenced to a total of 336 months' imprisonment for both counts, the precise term contemplated by the plea agreement.

Despite his waiver Duran appeals, arguing that the district court erred by sentencing him under the formerly mandatory guidelines regime, *see United States v. Booker*, 125 S. Ct. 738 (2005), and contending that a limited remand is warranted under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). We cannot reach that issue, however, because his appeal waiver is enforceable. Nothing in Duran's plea agreement provides an "escape hatch" enabling him to appeal if the law changed to his benefit, and, as we held after Duran filed his brief, *Booker* does not invalidate the parties' bargain where there is no such express provision. *See United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005); *see also United States v. Roche*, No. 04-1475, 2005 WL 1618816, at *2 (7th Cir. July 11, 2005); *United States v. Cieslowski*, 410 F.3d 353, 362 (7th Cir. 2005). Our opinion in *United States v. Loutos*, 383 F.3d 615 (7th Cir. 2004), which does not discuss the effect of the appeal waiver in that case, cannot be read as inconsistent with *Bownes*. Finally, we note that *Booker*, in any event, does not undermine bargained-for, lawful sentences like Duran's that were imposed by the district court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *See Cieslowski*, 410 F.3d at 363-64.

Duran's appeal is DISMISSED.